Filed 2/18/25  Gross v. Sandy CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JAMES GROSS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MARY VIXIE SANDY, as Executive Director, etc. et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B333161<br>(Super. Ct. No. 22CV-0077)<br>(San Luis Obispo County) |

James Gross appeals a judgment denying his petition for writ of administrative mandate.  (Code Civ. Proc., § 1094.5.)[1]  We conclude that the trial court's findings rest upon substantial evidence and affirm.  (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 824; *County of Alameda v. Board of Retirement* (1988) 46 Cal.3d 902, 910.)

_____

[1] All statutory references are to the Code of Civil Procedure.

*FACTUAL AND PROCEDURAL HISTORY*

Mary Vixie Sandy, the Executive Director of the Commission on Teaching Credentialing (CTC), filed an accusation against Gross on October 29, 2020. Sandy requested a hearing regarding the matters alleged and then a decision revoking Gross's "Clear Single Subject Teaching Credential" (Credential) to teach physical education.

On October 4 through 8, 2021, an administrative hearing occurred before an administrative law judge (ALJ). All parties were represented by counsel. The ALJ issued a proposed decision which was adopted by the CTC in December 2021.

The CTC decision found that Gross was unfit to teach and revoked his Credential due to seven allegations of misconduct. The misconduct concerned acts committed between 2012 and 2017 at two high schools within the Lucia Mar Unified School District. These acts included non-consensual touching of a student wrestler, personal verbal attacks directed at the superintendent and an administrator, and failure to submit a meaningful education plan, among other acts. The CTC decision concluded that the acts were immoral, unprofessional conduct, and involved moral turpitude.

The CTC later denied Gross's petition for reconsideration. On February 15, 2022, Gross filed a verified petition for writ of administrative mandate in the trial court, seeking, among other things, an order commanding the CTC to vacate their decision revoking his Credential.

On October 5, 2023, the trial court issued a decision denying Gross's petition as well as his motion to augment the administrative record. The court's lengthy and thorough decision discussed these acts of misconduct:

1. On or about October 16, 2013, Gross hugged a wrestling student, C.W., without his consent. C.W. was uncomfortable and felt assaulted by the hug, given that he had asked Gross not to hug him.

2. During the 2012-2013 wrestling season, Gross took ice from the school athletic trainer's office, ignoring the protocol to involve the trainer in evaluating every student's injury, however minor. When the trainer evaluated the student's injury, Gross complained that she was disrupting the wrestling practice. Gross had received a copy of the school handbook detailing the protocol for handling injured students and had attended informational meetings with the athletic trainer regarding student injuries.

3. On September 21, 2015, Gross behaved unprofessionally in a staff meeting attended by 140 employees. Gross aggressively questioned a visiting school superintendent. Gross's off-topic questions involved the funds used to pay the school district's law firm and whether the superintendent was related to a lawyer at that firm. Despite being asked to stop the questions, Gross persisted and followed the superintendent as she left the room.

4. On March 6, 2014, Gross was notified that he was released from his assignment as head wrestling coach and would not be permitted to coach anywhere in the district. Despite the prohibition, Gross worked with a student in the wrestling practice area the following year. Another wrestling coach informed Gross that he was not permitted there. Gross later received an official notice that he had violated the ban.

5. On February 15, 2017, Gross sent an e-mail to the assistant superintendent and referred to him as "an ass." Gross admitted sending the e-mail in a dispute concerning his personal leave credits.

3

6. In 2017, Gross failed to submit an educational plan and submit to review despite repeated notices to do so. Gross eventually submitted an incomplete plan but would not meet with his supervisor to discuss it.

7. In 2017, Gross sent an unprofessional e-mail to the mother of a special needs student concerning her son's erection during a basketball game. Gross notified her that surveillance cameras may have captured the incident. Also, on his last day of employment, Gross wore a police body camera and attempted to record a meeting with the school principal and the superintendent without their permission to record the meeting.

The trial court, exercising its independent judgment on the evidence, concluded that the CTC findings were supported by the weight of the evidence. (§ 1094.5, subd. (c).) Gross appeals and contests the court's decision for lack of substantial evidence.

*DISCUSSION*

Where a trial court reviews a final administrative decision that substantially impacts a fundamental vested right, the trial court both examines the administrative record for errors of law and exercises its independent judgment upon the evidence. (*Fukuda v. City of Angels*, *supra*, 20 Cal.4th 805, 816, fn. 8.) The petitioner bears the burden of showing that the agency's findings are contrary to the weight of the evidence. (*Id.* at p. 817.) On appeal, we review the record to determine whether substantial evidence supports the court's conclusions. (*Deegan v. City of Mountain View* (1999) 72 Cal.App.4th 37, 45.) In this task, we resolve all reasonable inferences in favor of the prevailing party. (*Ibid.*) If more than one rational inference can be drawn from the evidence, the reviewing court may not replace the court's

conclusions with its own. (*Leung v. Verdugo Hills Hosp.* (2012) 55 Cal.4th 291, 308.)

Here substantial evidence supports the trial court's conclusions regarding the seven acts of misconduct. Gross admitted hugging student C.W. who had declined a hug and thereafter felt uncomfortable and assaulted. C.W. so testified in direct testimony at the administrative hearing. Gross had attended informational meetings and received a handbook concerning the involvement of the school athletic trainer in every student injury, however minor. The assistant principal as well as the principal gave testimony that Gross questioned a visiting superintendent aggressively and off-topic during a staff meeting, despite being asked to stop. He also followed the superintendent as she left the meeting. In addition, Gross does not now dispute that he violated the ban on coaching, sent an e-mail to an assistant superintendent referring to him as "an ass," and failed to timely submit a complete education plan and submit to a review. Gross also admits that he sent an e-mail to the mother of a special needs student (rather than the special needs education instructor) and also wore a body camera to a meeting with a supervisor. The trial court properly drew reasonable inferences from the circumstances of these events that Gross's behavior was unprofessional and violated school policies.

*DISPOSITION*

The judgment is affirmed.  Gross shall bear costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:



YEGAN, J.



CODY, J.

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

Fenton Jurkowitz Law Group, LLP, Henry R. Fenton, Nicholas D. Jurkowitz, and David D. Wagmeister for Plaintiff and Appellant James Gross.

Rob Bonta, Attorney General, Carl W. Sonne, Assistant Attorney General, Joshua A. Room, Shawn Paul Cook and Matthew A. King, Deputy Attorneys General, for Defendants and Respondents Mary Vixie Sandy, Executive Director, Commission on Teacher Credentialing, and Commission on Teacher Credentialing.